# JOSHUA E. SANDIFER

*v.*

# THOMAS H. HOARD.

1. EVIDENCE—*admissions of prior holder of a note, as against a subsequent assignee.* Where the holder of a chose in action already matured, makes admissions and declarations against his interest in respect thereto, while such holder, such admissions and declarations are competent as original evidence against an assignee after maturity.

2. So in an action on a promissory note, by an assignee thereof, against the maker, where the defendant pleaded payment to the payee while he was holder of the note, and averred the note was assigned to plaintiff after maturity, it was *held,* that, for the purpose of showing the defense of payment, admissions and declarations of the payee made while the note was held by him, and after it was due, to the effect that it had been paid by the maker, were admissible as evidence.

3. Nor is the admissibility of such evidence affected by the circumstance, whether or not the declarant is a competent witness, or whether he was, in fact, a witness for the defendant.

4. The evidence was admissible, on the broad ground that the declaration was against the interest of the party making it, in the nature of a confession, and, on that account, so probably true as to justify its reception.

APPEAL from the County Court of Bond county; the Hon. ENRICO GASKINS, Judge, presiding.

Mr. S. P. MOORE, for the appellant.

Messrs. S. A. & A. C. PHELPS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *assumpsit,* in the county court of Bond county, by appellee, as assignee, against appellant, as maker, of a promissory note, whereby the latter promised to pay to one G. J. Sandifer, one day after date, the sum of $250. The declaration was special upon the note, and in the common counts; appellant pleaded the general issue, and plea of payment to payee while holder of the note, averring that the note was assigned

to appellee after maturity, on which issue was taken by traverse.   On the trial before the court and a jury, it appeared, beyond controversy, that the note was transferred after maturity, and appellant's counsel offered to prove, by several witnesses, the admissions and declarations of the payee, made while the note was held by him, and after it was due, to the effect that it had been paid by the maker.   This evidence was, upon objection of appellee's counsel, excluded by the court, and exception taken; a verdict was returned for the full amount of note and interest, and appellant moved for a new trial, which the court overruled, and gave judgment on the verdict, to which ruling exception was also taken by appellant, who appealed to this court, and assigns for error the exclusion of the evidence offered, and the decision overruling the motion for a new trial.

The court erred in excluding evidence of the declarations and admissions of the payee, under the circumstances in evidence. Where the holder of a *chose in action*, already matured, makes admissions and declarations against his interest in respect thereto, while such holder, such admissions and declarations are competent as original evidence against an assignee after maturity. *Williams* v. *Judy*, 3 Gilm. 282.   Nor is their admissibility affected by the circumstance, whether the declarant is a competent witness or not, or whether he was, in fact, a witness for the appellant.   The evidence was admissible, on the broad ground that the declaration was against the interest of the party making it, in the nature of a confession, and, on that account, so probably true as to justify its reception.   1 Greenlf. Ev. sec. 153.

For this error, the judgment is reversed and the cause remanded.

*Judgment reversed.*